UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

RAHSUN PEARSON,

                    Plaintiff,

           -against-

CITY OF NEW YORK; Police Officer SAUL MOLINA, Shield No. 17087; Police Officer JOSEPH SFERRAZZA, Shield No. 19468; Sergeant DIOGENES LOVERAS, Shield No. 03402; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.

------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

16 CV 5798

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, the laws of the State of New York and Section 14-151 of the Administrative Code of the City of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State and New York City claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Rashun Pearson is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant hereto, the individual defendants were police officers, employees and agents of the NYPD. The individual officer defendants are being sued in their individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. On the evening of January 30, 2016, Mr. Pearson was lawfully standing with friends, African American and Hispanic males, in front of his aunt's home at 819 Halsey Street in Brooklyn, New York.

14. Moments later, a marked police vehicle stopped in front of them and two uniform officers jumped out of their vehicle.

15. For no lawful reason, defendants began to search plaintiff and his friends, who complied with the defendants' illegal search.

16. Suddenly, a defendant officer violently pushed Mr. Pearson to the ground.

17. As Mr. Pearson stood up, he was slammed to the ground again by the same officer.

18. Without probable cause or reasonable suspicion to believe he had committed any crime or offense, a defendant officer arrested Mr. Pearson.

19. Lying face down with a defendant officer's knee in his back, Mr. Pearson was tightly handcuffed behind his back.

20. Mr. Pearson, who had previously undergone knee surgery, felt severe pain to his left knee, as well as his shoulder and lower back.

21. Defendants took Mr. Pearson to a police precinct.

22. At the precinct the defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff, commit various

crimes, including obstructing governmental administration, harassment and resisting arrest and prepared false paperwork including an arrest report.

23. At no point did the officers observe Mr. Pearson commit any crime or offense.

24. Plaintiff was eventually taken to Brooklyn Central Booking and then arraigned in Kings County Criminal Court.

25. After approximately twenty-four hours in custody, plaintiff was released on his own recognizance.

26. On April 25, 2016, Mr. Pearson's criminal charges were adjourned in contemplation of dismissal.

27. Mr. Pearson required ongoing medical treatment and continues to suffer from pain as a result of the defendants' assault.

28. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

29. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

30. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

31. Defendants took law enforcement action with regard to Mr. Pearson based solely on his actual and/or perceived color and/or race.

32. Mr. Pearson suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

41. Plaintiff was conscious of his confinement.

42. Plaintiff did not consent to his confinement.

43. Plaintiff's confinement was not otherwise privileged.

44. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

45. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

51. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial of Constitutional Right to Fair Trial

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. The individual defendants created false evidence against plaintiff.

55. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

56. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring, Training & Retention

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a

reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

60. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

61. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

62. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

63. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Intentional Infliction of Emotional Distress

64. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive force and failing to prevent other defendants from doing so, or

causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

66. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

67. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

68. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive force and failing to prevent other defendants from doing so, or

causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

71. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

72. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

73. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### TENTH CLAIM
### Failure to Intervene

74. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

76. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

77. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Bias-Based Profiling

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. In initiating law enforcement action against Mr. Pearson based on his actual and/or perceived race and/or color rather than Mr. Pearson's behavior or other information linking him to suspected unlawful activity the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

80. Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(d) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(e) Such other and further relief as this Court deems just and proper.

Dated:     October 18, 2016
               New York, New York

                                     HARVIS & FETT LLP

                                     _____
                                     Baree N. Fett
                                     305 Broadway, 14th Floor
                                     New York, New York 10007
                                     (212) 323-6880
                                     bfett@civilrights.nyc

                                     *Attorneys for plaintiff*