UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RAHSUN PEARSON,

                                          Plaintiff,

-AGAINST-

THE CITY OF NEW YORK, POLICE OFFICER SAUL
MOLINA, SHIELD NO. 17087; POLICE OFFICER
JOSEPH SFERRAZZA SHIELD NO. 19468; SERGEANT
DIOGENES LOVERAS SHIELD NO. 03402;  AND
JOHN AND JANE DOE 1 THROUGH 10,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES (THE NAMES JOHN AND JANE DOE
BEING FICITIOUS, AS THE TRUE NAMES ARE
PRESENTLY UNKNOWN),

                                          Defendant.

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

16-CV-5798

JURY TRIAL DEMAND

------------------------------------------------------------------------ x

        Defendant City of New York, Saul Molina, Joseph Sferrazza, and Diogenes Loveras for their answer to the Plaintiff's Amended Complaint ("Amended Complaint"), respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to bring this action as set forth therein.

        2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to bring this action as set forth therein.

        3.    Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to bring this action as set forth therein.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to bring this action as set forth therein.

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that plaintiff purports to bring this action as set forth therein.

6. Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that plaintiff purports to bring this action as set forth therein.

7. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "7" of the Amended Complaint.

8. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "8" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized under the law of the State of New York.

9. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Saul Molina, Joseph Sferrazza, Diogenes Loveras were employed by the City of New York as members of the New York Police Department during the time of the incident alleged in the Amended Complaint.

10. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "10" of the Amended Complaint.

11. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "11" of the Amended Complaint.

12. The allegations set forth in paragraph "12" contain statements of law and legal conclusions to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "14" of the Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that plaintiff was arrested on January 30, 2017.

20. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "20" of the Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint, except admit that plaintiff was arrested on January 30, 2017.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint, except admit that plaintiff was arrested on January 30, 2017.

25. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "25" of the Amended Complaint.

26. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint, except admit that a purported Notice of Claim was received by the City of New York.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint, except admit that a purported Notice of Claim was received by the City of New York.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint, except admit that a purported Notice of Claim was received by the City of New York.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. In response to the allegations set forth in paragraph "33" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "32" inclusive of its answer, as is fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

36. In response to the allegations set forth in paragraph "36" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "35" inclusive of its answer, as is fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. In response to the allegations set forth in paragraph "39" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "38" inclusive of its answer, as is fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. The allegations set forth in paragraph "44" of the Amended Complaint contain statements of law and legal conclusions to which no response is required.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. In response to the allegations set forth in paragraph "46" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "45" inclusive of its answer, as is fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. In response to the allegations set forth in paragraph "49" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "48" inclusive of its answer, as is fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. The allegations set forth in paragraph "51" of the Amended Complaint contain statements of law and legal conclusions to which no response is required.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53. In response to the allegations set forth in paragraph "53" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "52" inclusive of its answer, as is fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56. Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57. Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58. In response to the allegations set forth in paragraph "58" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "57" inclusive of its answer, as is fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the Amended Complaint.

61. Deny the allegations set forth in paragraph "61" of the Amended Complaint.

62. Deny the allegations set forth in paragraph "62" of the Amended Complaint.

63. Deny the allegations set forth in paragraph "63" of the Amended Complaint.

64. In response to the allegations set forth in paragraph "64" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "63" inclusive of its answer, as is fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the Amended Complaint.

67. The allegations set forth in paragraph "67" of the Amended Complaint contain statements of law and legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations set forth in paragraph "67" of the Amended Complaint.

68. Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69. In response to the allegations set forth in paragraph "69" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "68" inclusive of its answer, as is fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the Amended Complaint.

71. Deny the allegations set forth in paragraph "71" of the Amended Complaint.

72. Deny the allegations set forth in paragraph 72" of the Amended Complaint.

73. Deny the allegations set forth in paragraph "73" of the Amended Complaint.

74. In response to the allegations set forth in paragraph "74" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "73" inclusive of its answer, as is fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77. Deny the allegations set forth in paragraph "77" of the Amended Complaint.

78. In response to the allegations set forth in paragraph "78" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "77" inclusive of its answer, as is fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the Amended Complaint.

80. Deny the allegations set forth in paragraph "80" of the Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

81. The Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

82. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

83. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties, and was not the proximate result of any act of Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

84. At all times relevant to the incident, Defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, Defendant City is entitled to governmental immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

85. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

86. There was probable cause for Plaintiff's arrest, detention, and any purported prosecution.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

87. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

88. Plaintiff's claims may in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel*.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

89. Plaintiff has failed to comply with conditions precedent to suit, including General Municipal Law § 50-e, § 50-h and § 50-i.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:**

90. At all times relevant to the acts alleged in the Amended Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

91. Plaintiff's claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit.

**AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:**

92. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR AN THIRTEETH AFFIRMATIVE DEFENSE:**

93. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and are therefore protected by qualified immunity.

**WHEREFORE,** Defendants City of New York, Saul Molina, Joseph Sferrazza, and Diogenes Loveras requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            January 17, 2017

                                        Zachary W. Carter
                                        Corporation Counsel of the City of New York
                                        100 Church Street Rm. 3-200

New York, NY 10007

By:     /s/
    Beth Hoffman
    Senior Counsel

To:    Baree N. Fett, Esq. (By ECF)
    *Attorney for Plaintiff*

16 Civ.5798 (AMB)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAHSUN PEARSONT,

                        PLAINTIFF,

-AGAINST-

THE CITY OF NEW YORK, ET AL.,

                        DEFENDANT.

**ANSWER TO THE AMENDED AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, MOLINA, SFERRAZZA, LOVERAS**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*New York, N.Y.  10007*

*Of Counsel: Beth Hoffman*
*Tel:  (212) 356-2372*

*Due and timely service is hereby Admitted.*

*New York, N.Y.  .......................................... ,2017*

*................................................................... Esq.*

*Attorney for .........................................................*