

**T**HE **C**ITY OF **N**EW **Y**ORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**BETH J. HOFFMAN**
*SENIOR COUNSEL*
Phone: (212) 356-2372
Fax: (212) 356-3509
bhoffman@law.nyc.gov

June 15, 2017

**BY ECF**
Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Rahsun Pearson v. City of New York, et al., 16-CV-5798 (AMD)(LB)

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter and write 1) to request an adjournment of the conference scheduled for June 20, 2107; 2) in response to Plaintiff's motion to compel dated June 12, 2017, and 3) seeking production of certain materials from plaintiff.   First, defendants request an adjournment of the June 20 conference because the undersigned is scheduled to be on vacation from June 20, 2017 through June 28, 2017.   Accordingly the undersigned respectfully requests that this conference be rescheduled for sometime during the following week of July 3, 2017.   Plaintiff takes no position on this request.

Second, with respect to plaintiff's motion to compel, as plaintiff's counsel has stated the parties have spent significant time in attempt to resolve plaintiff's perceived deficiencies in defendants' discovery production.   However, as set forth more fully below, defendants do not believe that these discovery issues were the result of any failure of defendant but rather the result of plaintiff's outrageous and unreasonable demands.   Nonetheless the undersigned has spent significant time trying to resolve these matters without Court intervention. Unfortunately, despite counsel's continued efforts, plaintiff filed the instant motion to compel.

As an initial matter, to date, defendants have produced 143 pages of records in this case.   These documents include all of plaintiff's arrest records (including handwritten "scratch" copies), the 911/sprint report, the memo book entries of two of the three defendant officers, the district attorney's file, the criminal court file, the complete personnel file of two defendant officers, the CCRB and IAB histories of all the defendants, as well as their Central Personnel Index report ("CPI"). Moreover, a majority of these documents were produced to plaintiff as part of defendants' initial disclosures.   Nonetheless, during discovery plaintiff served voluminous document requests seeking not only the production of documents already produced, but also a myriad of documents that plaintiff could have no reasonable belief exist given the facts of the case.   In addition, plaintiff sought documents that plaintiff's counsel knows are either not in the possession, custody and control of the defendants or are unavailable because they involve criminal records of persons not a party to this action. In fact plaintiff's document requests sought 56 individual police-related documents.   These document requests, as well as the entirety of plaintiff's counsel discovery demands, are identical to the discovery demands served by plaintiff's counsel's firm in

the dozens of other police-related 1983 actions they have filed regardless of the specific facts of said case or the likelihood that such documents actually exist.  Moreover, when defendants responded to these voluminous, over broad and irrelevant requests plaintiff's counsel served a deficiency letter demanding that the undersigned produce documents that counsel knew did not exist.[1]   Nonetheless, the undersigned not only continued to search for responsive and relevant documents but also attempted to work out a reasonable resolution regarding any purported outstanding discovery as outlined below.

      Upon receipt of plaintiff's motion to compel I contacted plaintiff's counsel in another attempt to resolve these matters.  First, I reiterated that due to my vacation plans I could not commit to producing any documents by June 30, 2107 (and never did so, despite Ms. Fett's representation in her letter) since I will simply not be in the office for much of the time before June 30 to oversee the efforts to obtain the documents, nor would I have adequate time to review, redact and bates stamp the documents before June 30, 2017.  Therefore I suggested an alternative date of July 7th or 12th.  This date would be a date certain for the remaining outstanding documents that defendants do not object to producing, as well as a date for the production of materials that the undersigned was willing to provide as a compromise regarding scope and manner of production (i.e. the underlying IAB and CCRB files of unrelated and unsubstantiated allegations.)  However, I also indicated that for any documents that I have already obtained or obtain prior to leaving for vacation, I would happily produce those as soon as possible. For example I indicated that I am now in possession of defendant Sferazza's personnel file and will produce it shortly.

      With respect the arrest records of unrelated persons, I again explained that I was not certain that anyone else was arrested with plaintiff.  Moreover, plaintiff testified that no one else was arrested with him.  Nonetheless, if another person was arrested defendants do not have access to the NYPD records of that individual if the matter was sealed.  Ms. Fett knows that. Therefore, I again informed Ms. Fett that if she provided me with information that this individual's criminal matter was not sealed I would produce the relevant NYPD arrest paperwork, should it exist.  However, plaintiff's attempts to compel production of the criminal court file and district attorney's file from defendants is inappropriate, since the defendants are not the custodians of those records and plaintiff's counsel is well aware of that fact.   While it is the general practice of this office to produce all copies of a plaintiff's criminal court and district attorney's file to their counsel, we do so because *defendants are seeking* production of those materials from their respective custodians and plaintiffs have provided us with a release for their unsealing.   Here, defendants are not seeking any records of non-parties.  If plaintiff wishes to obtain the criminal court and district attorney records of an unrelated non-party he may seek to obtain them from their proper custodians.[2]

      Finally, with respect to plaintiff's attempt to obtain the underlying records and files for unrelated and unsubstantiated allegations of misconduct by the individual defendants, plaintiff's request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, not sufficiently limited in time or scope,

---

[1] One such example, is the "medical treatment of prisoner" form for plaintiff.  Plaintiff testified at his deposition that he never received nor *even requested medical treatment.*  Nonetheless, not only did plaintiff seek production of this document, but his attorney forced the issue through numerous deficiency letters and threats to move to compel its production. As a result or our office and the NYPD has expended tax-payer resources searching for a document that plaintiff's counsel, especially given her understanding of police documents as a former ACCs and current 1983 plaintiff's counsel, knows would not exist.

[2] As a point of clarification it is my understanding that a third party, who plaintiff has identified as a witness and testified was his friend, may have been issued a summons at or about the time of plaintiff's arrest.  However, this does change the defendant's position on the matter.  We have no information that this summons is not sealed and without a release we cannot obtain any related records of this summons.  Moreover, given plaintiff's testimony at his deposition, it would appear that plaintiff would be in the best position to obtain information about this summons directly from the non-party with whom he is acquainted.

implicates the privacy interests of the individual officer, and is not proportional to the needs of the case pursuant to Rule 26(b). Evidence of unsubstantiated allegations of misconduct is extremely unlikely to lead to admissible evidence, and thus judges have consistently held that such files are not discoverable. See Thompson v. City of New York, No. 05 Civ. 3082, 2006 U.S. Dist. LEXIS 4797 (SDNY, Feb. 7, 2006) ("[C]ourts have consistently denied requests to discover CCRB complaints and other similar documents especially when the complaints are unsubstantiated). Such documents typically do not show "motive, opportunity, intent, or the like," but instead are sought only to show the defendant's alleged propensity to commit certain acts, which is exactly what "Rule 404(b) of the Federal Rules of Evidence] is designed to prevent." Id., *6.

Nonetheless, in an effort to resolve this matter the undersigned offered a compromise to plaintiff's counsel. The undersigned agreed, in this case, to make the requested files available to plaintiff's counsel for inspection at our office. At that point plaintiff's counsel could review the files and indicate which specific pages she would like copied at a cost of .25 per page. The undersigned would then make the appropriate redactions, regarding personal information to only those pages and send plaintiff's counsel the copies. Defendants believe this is a more than reasonable compromise. First, this is highly sensitive information containing unsubstantiated allegations that can easily damage these defendants reputation and should not be the subject of wholesale and unmonitored production to plaintiff's counsel. Moreover, plaintiff is requesting twenty-two files. This could potentially be hundreds of pages. As Your Honor is likely aware, these files often contain, on every page, a reference to the subject's social security number, telephone number or date birth --all of which is sensitive information that presents security concerns for defendants that must be hand redacted before production. In addition, there may be personal information of civilians or other non-defendants police personnel. This is hours of work to produce material that will likely not yield any admissible evidence. Thus, defendants believe that this is a reasonable compromise. Particularly since the defendants have already expended significant resources responding to plaintiff's over broad, unreasonable and irrelevant requests. Moreover given the amount of files which plaintiff is requesting it will take some time to obtain all of these records. Therefore, the undersigned also suggested until July 12th to make these files available.

Unfortunately plaintiff's counsel has rejected these offers of compromise. With respect to the proposal regarding the IAB and CCRB files, Ms. Fett stated that it would be "wasteful of resources." The undersigned takes exception with that position, and believes while it might require more of plaintiff's resources then simply having the defendants obtain, copy, redact, bates stamp, re-copy, and then deliver to plaintiff's counsel office all said files, that does not make it wasteful of resources. Rather, it is conserving valuable tax-payer resources. If plaintiff is insisting on the production of these collateral materials than plaintiff should bear some of the time and expense of their production.

Finally, during plaintiff's deposition plaintiff testified to several matters, which defendants believe require additional or supplemental discovery from plaintiff. First, plaintiff testified that he had a previous injury to his knee, which required surgery about a year before the incident alleged in the complaint. This prior injury is the subject of a separate litigation. However, plaintiff is claiming that the incident alleged in the complaint exacerbated the injury to his knee. Thus, defendant requested plaintiff's medical records and releases for all medical treatment for the previous ten years. While plaintiff provided releases for one doctor who provided treatment for this prior injury he did not provide records or releases for the emergency room where he was treated or the hospital where the surgery took place. Thus, defendants seek these records and releases. In addition, while plaintiff is not alleging a claim of lost income plaintiff testified at length regarding how his previous injury, as well as the injury alleged in the complaint, kept him out of work for a significant period of time. Therefore, defendants request plaintiff's employment records to verify his work history. Moreover, as a New York City sanitation worker and a former New York City school safety officer, plaintiff received training and has experience in dealing with the public regarding criminal and safety issues, including an understanding of probable cause and reasonable suspicion, the use of force and physically restraining a person. Accordingly defendants seek releases for plaintiff's full employment records. Finally, plaintiff identified several individuals who witnessed the incident alleged in the complaint. Some of these witnesses were previously identified, but we were not provided full contact information. Plaintiff testified that he has this information available to him. Thus, defendants seek these witnesses full names and contact information by a date certain.

3

Accordingly, based on the foregoing, defendants request that the Court 1) adjourn the June 20 conference; 2) set a date certain for the production of any outstanding discovery by either party for July 12; 3) deny plaintiff's request that defendants produce any criminal or arrest records for non-parties and direct plaintiff to seek production of these materials from their appropriate custodians; 4) deny plaintiff's request for the production the underlying CCRB or IAB files or in the alternative, should the Court determine that these files are discoverable, require that plaintiff only be permitted to review and inspect these files at the Office of the Corporation Counsel at a mutually convenient date not before July 12, 2017 and that plaintiff should bear the cost of photocopying any specific pages they request physical production of after said inspection.

Respectfully submitted,

/s/
Beth J. Hoffman
*Senior Counsel*

cc:     Baree N. Fett, Esq.
        *Attorney for Plaintiff*

4